52 CCPA

**C. L. CLIFTON, Sr., d. b. a. R & M Laboratories of Georgia, Appellant,**

v.

**PLOUGH, INC., Appellee.**

**Patent Appeal No. 7341.**

United States Court of Customs and Patent Appeals.

March 4, 1965.

Patrick F. Henry, Atlanta, Ga., for appellant.

William E. Bush, Ronald D. Garber, Memphis, Tenn., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

ALMOND, Judge.

C. L. Clifton, Sr., doing business as R & M Laboratories of Georgia (hereinafter referred to as "appellant"), filed application[1] to register "NUMOL" for a pharmaceutical product for the relief of coughs, colds and bronchial irritations, asserting use since June 18, 1944.

Registration has been opposed[2] by Plough, Inc. (hereinafter referred to as "appellee"), registrant of "NUJOL" for

1. Serial No. 60,204 filed October 7, 1958.

2. Opposition No. 41,344 filed October 12, 1961.

mineral oil for chemical, medicinal and pharmaceutical uses other than the treatment of constipation;[3] for mineral oils and compounds, emulsions and mixtures of mineral oils with other substances for medicinal purposes;[4] and for mineral oils, compounds, emulsions, and mixtures of mineral oils with other substances for chemical, medicinal and pharmaceutical purposes, and for battery sealing compounds.[5]

The relevant facts as found by the board from the exhibits and testimony of record were in substance as follows:

Appellee's business is that of selling proprietary drugs directly to retailers comprising drug, variety and country stores and food supermarkets, as well as drug and grocery wholesalers and candy and tobacco jobbers. On January 25, 1954, appellee purchased the mark "NUJOL" and the rights associated therewith from Esso Standard Oil Company and has used said mark for mineral oil since February 1954. Since acquisition of the mark, appellee's sales of mineral oil thereunder, foreign and domestic, have exceeded $4,000,000. Promotion has been through radio, newspaper and other advertising at a cost approximating $300,000.

Appellant's pharmaceuticals sold under the mark "NUMOL" are used as a rubefacient and as an inhalant. Its sales have been predominantly local approximating annually ten thousand dollars, with interstate sales being small in volume. The product is not advertised to the general public but "detailed" to physicians with listings in the "RED BOOK" and "BLUE BOOK" directories since 1959.

The mark "NUMOL" did not originate with appellant. The mark and the product which appellant sells thereunder emanated through Michigan and Georgia concerns with ownership lodging in appellant by acquisition on January 1, 1958 and September 22, 1958. Appellee's prior rights are established by its registrations.

Considerable testimony-in-chief and in rebuttal was taken by the parties in support of their respective contentions relative to the issue of likelihood of confusion. This testimony for appellee, in the main, came from appellee's employees, professional investigators, a retail druggist, and an official of a drug wholesaler.

Appellant's testimony consists of that of a professional investigator, employees of a wholesale drug concern, and a number of pharmacists.

■ As did the board, we have thoroughly scrutinized the testimony of investigators who entered drug stores and asked in some cases for "NUMOL" and in others for "NUJOL." We do not deem it necessary to recite it in detail. In general terms, the testimony shows that the investigators did not always get what they asked for. It is highly inconclusive in support or negation of the conflicting contentions of either party with reference to the determinative issue of likelihood of confusion as contemplated by section 2(d) of the Trademark Act, 15 U.S.C. § 1052. The testimony sought to show actual confusion or the lack of actual confusion. On the whole, it established neither, nor from it can we deduce a likelihood of, or a lack of likelihood of, confusion.

■ This court has repeatedly held that in order to prevail an opposer is not required to show actual confusion. The requirements of the trademark statute are fully met by a showing of a likelihood of confusion.

■ It is agreed that "NUJOL" is pronounced "new-jahl" or "new-joll" and "NUMOL" is pronounced "new-mahl." The products of the parties are sold over the counter to the general public and either may be purchased without a doc-

---

3. Reg. No. 186,080 issued July 1, 1924 to a predecessor; renewed.

4. Reg. No. 302,905 issued May 2, 1933 to a predecessor; renewed.

5. Reg. No. 325,904 issued July 9, 1935 to a predecessor; renewed.

tor's prescription. They are used by the same general class of purchasers and are obtainable by trademark designation alone. Each mark is a coined or arbitrary trademark and in no way suggestive or descriptive of the nature of the products dispensed thereunder. The goods of one are for external application, while those of the other are administered orally. Both being medicinal, confusion in application could produce harmful effects.

In considering the marks "NUMOL" and "NUJOL," we find substantial similarities therebetween. These similarities are apparent in appearance and especially in sound. As stated by the board, it is necessary, for obvious reasons, to avoid confusion in the dispensing of pharmaceuticals.

We have examined the cases cited and relied on by appellant and considered appellant's argument relating to the third-party registrations, but we are not thereby persuaded of reversible error on the part of the board.

The decision of the Trademark Trial and Appeal Board sustaining the opposition and refusing the registration sought by appellant is affirmed.

Affirmed.